**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4895

MICHAEL RAY SKIPPER, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(CR-97-4)

Submitted: March 9, 1999

Decided: June 8, 1999

Before NIEMEYER and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael Ray Skipper, Jr., Appellant Pro Se. Donald Ray Wolthuis,
OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Ray Skipper appeals his conviction on one count of conspiracy to possess with intent to distribute cocaine and cocaine base, 21 U.S.C. § 846 (1994), and four counts of possession with intent to distribute or distribution of cocaine base, 21 U.S.C. § 841(a)(1) (1994). Skipper contends that the Government failed to present adequate evidence to support the conspiracy conviction and that there were several trial errors. Finding no reversible error, we affirm.

Beginning in 1995 and continuing until January 1997, several law enforcement agencies conducted a cooperative investigation of drug and firearm trafficking in the city of Danville and Pittsylvania County, Virginia. A multi-count indictment was filed in January 1997, charging Skipper and eight other individuals with various narcotics offenses. Skipper and five co-conspirators were jointly tried before a jury.

We examine challenges to the sufficiency of the evidence by viewing the evidence at trial in the light most favorable to the prosecution, including all reasonable inferences that can be drawn from the evidence. See Glasser v. United States, 315 U.S. 60, 80 (1942). The evidence at trial consisted of testimony from investigators and confidential informants. Investigators arranged for an informant, Larry Cunningham, to purchase crack cocaine from Skipper on four occasions. The transactions were audio recorded and videotaped. Cunningham testified to the circumstances surrounding the four transactions and led the jury through the videotape recordings. Skipper told Cunningham that Robert Lee Trent, or "Junior Trent," supplied him with the crack cocaine. During two of the transactions, Robert Lee Trent was present and participated in the transaction. On one of those occasions, Darryl Hoges was also present and participated.

The indictment stated that Darryl Hoges was also known as "Junior Trent." During the trial another confidential informant, Cathy Ann Johnson, stated that she knew Junior Trent to be Darryl Hoges and did not know Robert Lee Trent.

2

Skipper contends that the Government presented insufficient evidence to convict him of conspiracy. When assessing the sufficiency of the evidence of a criminal conviction on direct review, the jury verdict must be sustained if, "viewing [the evidence] in the light most favorable to the Government, `any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" United States v. Hudgins, 120 F.3d 483, 486 (4th Cir. 1997) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). We afford the Government all reasonable inferences that flow from the circumstantial and direct evidence, see United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996) (en banc), and do not weigh the evidence or consider the credibility of witnesses. See United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983). The necessary elements to support a conspiracy conviction include: (1) an agreement among the defendants to do something illegal; (2) knowing and willing participation in the agreement; and (3) an overt act in furtherance of the purpose of the agreement. See United States v. Meredith , 824 F.2d 1418, 1428 (4th Cir. 1987). Knowledge and participation in the conspiracy may be proved by circumstantial evidence. See id.

In support of his claim, Skipper places great emphasis on the confusion as to the identity of Junior Trent. He suggests that the name Junior Trent was created to provide a link between a series of conspiracies. We find, however, that the evidence was clearly sufficient to support the jury's finding that Skipper was involved in a conspiracy. Cunningham testified as to Skipper's involvement with two other co-conspirators. His testimony was supplemented by the videotape evidence. Specifically, the evidence showed that Skipper relied on Junior Trent to provide him with crack cocaine. Cunningham observed Skipper getting the crack cocaine from Robert Lee Trent. Furthermore, there was direct evidence of Skipper, Trent, and Hoges providing crack cocaine to Cunningham.

Skipper also contends that the district court should have severed his trial from that of his co-conspirators. Skipper, who did not move for a severance at trial, contends that severance was warranted because the court admitted evidence of conspiracies in which he was not involved and this evidence prejudiced his defense. Skipper also contends that he needed the testimony of co-defendants.

3

Because Skipper did not seek a severance, we review only for plain error.* See Fed. R. Crim. P. 52(b). To establish plain error, Skipper must demonstrate that: "(1) the asserted defect in the trial was, in fact, error; (2) the error was plain; and (3) the error affected his substantial rights." United States v. Jackson, 124 F.3d 607, 614 (4th Cir. 1997), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3457 (U.S. Jan. 12, 1998) (No. 97-6989).

It is well established that defendants who are charged in the same conspiracy should be tried together. See United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995). The party seeking severance must establish that he would be prejudiced from a joint trial, not that he stood a better chance of acquittal had there been separate trials. See United States v. Brooks, 957 F.2d 1138, 1145 (4th Cir. 1992). Because Skipper also contends that he needed the testimony of a co-defendant, he must show: "(1) a bona-fide need for the testimony of his co-defendant; (2) the likelihood that the co-defendant would testify at a second trial and waive his Fifth Amendment privilege; (3) the substance of his co-defendant's testimony; and (4) the exculpatory nature and effect of such testimony." Reavis , 48 F.3d at 767.

Skipper does not provide any facts supporting his claim that a severance was necessary. He does not refer to any evidence that prejudiced his defense. Nor does he specify which co-defendants he needed to have testify in his defense. Accordingly, we find no plain error.

Skipper also contends that the district court improperly admitted evidence of prior bad acts in violation of Fed. R. Evid. 404(b). There is no indication, however, that evidence of prior bad acts was admitted at all, much less improperly. The only evidence that Skipper states was improper bad act evidence involved a weapon owned by a co-defendant that was confiscated by police after a domestic quarrel. Outside of the jury's presence, the co-defendant's counsel objected to admission of the weapon. The Government agreed that the weapon would not be used as direct evidence. Skipper fails to identify any other evidence of prior bad acts that was improperly admitted. We thus find this claim is without merit.

_____

*Two co-defendants' motions for severance were denied.

4

Skipper further argues that the court admitted into evidence improper hearsay testimony. However, Skipper actually identifies only one instance of improper hearsay testimony. In that instance, the district court sustained defense counsel's objection and instructed the jury to disregard the statement. All other allegedly improper hearsay evidence actually constituted admissions by Skipper, statements based upon a witness's personal knowledge, or statements made by co-conspirators in the course of and in furtherance of the conspiracy. None of this testimony was erroneously admitted into evidence.

Skipper also contends that the prosecution violated a court order and the federal rules of criminal procedure by not disclosing the names of certain witnesses until trial. The prosecutor stated that he was late in disclosing the names of some of the witnesses because investigation as to what the witnesses could offer was ongoing. The court permitted the prosecution to present the witnesses over defense counsel's objection, but ordered the prosecutor to provide the defense the substance of the witnesses' testimony before they testified.

We review a court's regulation of discovery matters for an abuse of discretion. See United States v. Muse, 83 F.3d 672, 675-76 (4th Cir. 1996). Skipper fails to indicate how he was prejudiced by the court's decision. He does not claim that the untimely disclosure led to his counsel being unprepared. Nor does he claim with any specificity that there was impeachment evidence that would have been revealed had counsel more time to investigate the witnesses. For these reasons, we find that the district court did not abuse its discretion.

Skipper maintains that the prosecution failed to disclose exculpatory evidence. See Giglio v. United States, 405 U.S. 150 (1972); Brady v. Maryland, 373 U.S. 83 (1963). This claim is without merit because Skipper fails to specify any material evidence that was not disclosed.

Skipper cites United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998), in support of his contention that prosecutors improperly used paid informants as trial witnesses. In the cited Singleton opinion, a panel of the Tenth Circuit concluded that the Government violated 18 U.S.C. § 201(c)(2) (1994) by offering leniency to witnesses in exchange for testimony. The panel opinion in Singleton, however,

5

was vacated by the en banc court, <u>see United States v. Singleton</u>, ___ F.3d ___, 1999 WL 6469 (10th Cir. Jan. 8, 1999) (No. 97-3178). We decline to follow the now-vacated panel decision.

In addition, Skipper claims the prosecutor suborned perjury by having the confidential informants give false testimony. Skipper contends that because the confidential informants were paid for their testimony or offered leniency, the testimony was false. He offers no other evidence that the prosecutor knew the testimony was false. The jury heard evidence regarding the benefits the confidential informants received in exchange for their testimony. In spite of hearing that evidence, the jury apparently found at least some of their testimony credible. We will not review the jury's credibility determinations. <u>See United States v. Wilson</u>, 118 F.3d 228, 234 (4th Cir. 1997).

Skipper contends that the prosecutor magnified this error by improperly bolstering Cunningham's and Johnson's testimony during closing argument. Because there was no objection to the prosecutor's closing remarks, we review only for plain error. <u>See Mitchell</u>, 1 F.3d at 239. We find no such error because Skipper fails to point to any evidence of improper bolstering or vouching for the witnesses' credibility.

Skipper also asserts that evidence concerning the crack cocaine sold during the four transactions should not have been admitted into evidence because the Government failed to establish the proper chain of custody. He makes a conclusory claim that since fifteen months elapsed between seizure of the crack cocaine and its analysis, the substance analyzed may have not been the substance that was seized. Skipper fails to mention that he stipulated not only to the admission of the drug evidence and laboratory results but also to the chain of custody. Thus, we find this claim without merit.

Finally, Skipper claims that in light of the denial of the severance motion, the court should have instructed the jury to view the acts of each defendant individually. Again, our review is limited to plain error because there was no objection to the jury instructions at trial. <u>See United States v. Williams</u>, 152 F.3d 294, 300 (4th Cir. 1998). We find no such error. Because there was considerable evidence of Skipper's illegal conduct, we find no indication that the proceedings

6

against him resulted in anything other than a fair and reliable determination of guilt. See id. at 300.

Accordingly, we affirm Skipper's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

7